FILED 19CVS3234
2019 MAY 30 A 8:59
FORSYTH CO., C.S.C.

Lynton Y. Ballentine, sui juris
c/o 665 Irving Street
Winston Salem, NC 27103
336-723-0135
pearlisb@gmail.com

IN THE FORSYTH COUNTY COURT, DISTRICT 21
STATE OF NORTH CAROLINA

Lynton Yates: Ballentine, sui juris

LB INTERNATIONAL EXPRESS TRUST.

Plaintiffs

vs.

WELLS FARGO BANK, NA; GINNIE MAE AS TRUSTEE FOR SECURITIZED TRUST GUARANTEED REMIC PASS-THROUGH SECURITIES 2006-040 TRUST, CHAMPION MORTGAGE COMPANY, SHAPIRO AND INGLE, LLP, SATTERFIELD LEGAL, PLLC AND DOES 1 THROUGH 100 INCLUSIVE, et al.

Defendants

Case No.: 19 CVS 3234

PLAINTIFFS' COMPLAINT FOR: LACK OF STANDING TO FORECLOSE, BREACH OF CONTRACT, QUIET TITLE, SLANDER OF TITLE, TEMPORARY RESTRAINING ORDER/INJUNCTIVE RELIEF

TRIAL BY JURY DEMANDED IN COMMON LAW

<u>PLAINTIFFS' COMPLAINT FOR: LACK OF STANDING TO FORECLOSE, BREACH OF CONTRACT, QUIET TITLE, SLANDER OF TITLE, TEMPORARY RESTRAINING ORDER/INJUNCTIVE RELIEF</u>

COMES NOW the Plaintiffs, Lynton Yates: Ballentine, sui juris ("Plaintiffs"), and Board of Trustees for LB INTERNATIONAL EXPRESS TRUST complaining of the Defendants as named above, and each of them, as follows:

## JURISDICTION

1. Venue is proper in Forsyth County, as the actions complained of occurred in Forsyth County. This Court has jurisdiction over this matter pursuant to the State Constitution and statute.

## THE PARTIES

2. Plaintiffs, Lynton Yates: Ballentine, is now and at all times relevant to this action has been an inhabitant of the County of Forsyth, State of North Carolina. Plaintive, Board of LB INTERNATIONAL EXPRESS TRUST was granted General Warranty Deed, June 3, 2013 relevant to this action, Plaintiffs have superior claim to the Real Property (the "Home") located at 665 Irving Street, Winston Salem, NC 27103.

3. At all times relevant to this action, Plaintiffs, Lynton Y. Ballentine has equity ownership and since granting Warranty Deed, LB INTERNATIONAL EXPRESS TRUST has legal ownership of Real Property (the "Home") located at 665 Irving Street, Winston Salem, NC 27103.

4. Defendant Wells Fargo Bank, NA is a National Banking Association, a Non-Depository Payor Bank doing business in the County of Forsyth, State of North Carolina. Plaintiffs are informed and believe and thereon alleges that Wells Fargo Bank, NA is the Original Lender.

5. Defendant Ginnie Mae is a Government Sponsored Enterprise doing business in the County of Forsyth, State of North Carolina. Plaintiffs are informed and believes and thereon alleges that Ginnie Mae is the Trustee of the Guaranteed REMIC Pass-Through Securities 2006-040 Trust.

6. Defendant Champion Mortgage Company is a corporation doing business in the County of Forsyth, State of North Carolina. Plaintiffs are informed and believes and thereon alleges that Champion Mortgage Company is the Servicer of Plaintiffs's loan.

7. Defendant SHAPIRO AND INGLE, LLP is an alleged appointment as substitute trustee operating at 10130 Perimeter Parkway, Suite 400, Charlotte, NC 28216. Plaintiffs are

2

informed and believe that SHAPIRO AND INGLE, LLP are debt collectors without authority and have joined with SATTERFIELD LEGAL, PLLC, Maria Satterfield, Member-Manager, 4500 Cameron Valley Parkway, Suite 370, Charlotte, NC 28211 to move on selling Plaintiffs home via a NOTICE OF SALE set for May 30, 2019 by false pretense.

8. Defendant Sponsor is an as-of-yet unidentified corporation doing business in the County of Forsyth, State of North Carolina. Plaintiffs are informed and believe and thereon alleges that Defendant is the Sponsor of the Guaranteed REMIC Pass-Through Securities 2006-040 Trust.

9. Defendant Depositor is an as-of-yet unidentified corporation doing business in the County of Forsyth, State of North Carolina.

10. Plaintiffs do not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiffs, or claims some right, title, or interest in the Property. Plaintiffs s will amend this Complaint to allege their true names and capacities when ascertained through discovery. Plaintiffs are informed and believes and thereon alleges that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiffs so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

11. Plaintiffs are informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture.

## GENERAL ALLEGATIONS

12. This is an action brought by Plaintiffs for declaratory judgment, injunctive and equitable relief, and for compensatory, special, general and punitive damages.

13. Plaintiffs, homeowner, disputes Defendants' superior colorable claim to legal title and equitable title of the Prime Market Real Property in question (hereafter, the "Real

Property"), which is the subject of this instant action. Plaintiffs are the owner of the property by Grant Deed and Deed of Trust (Exhibit A, Exhibit B).

14. From 1998 until the financial crash of 2008-2009, over 60 million purported consumer credit mortgage loan transactions were purportedly sold by Non-Depository Payor Banks to Special Purpose Vehicles (hereinafter "SPV"). The Plaintiffs's purported home loan was one of the 60 million scheduled to for exchange.

15. Plaintiffs are informed and believe, and thereon alleges that Defendants participated in a transactional scheme whereby a purported Tangible Note is converted/exchanged for a Payment Intangible asset to provide an alternative investment offering via Special Deposit to certificate or bond holders which were expected to be relatively safe; which, were offered by Wall Street Firms to the secondary market through purported mortgage backed securities. (Exhibit C) OCC Asset Securitization Manual 1997, Pg. 23



16. Plaintiffs are informed and believe, and thereon alleges that, certain tax laws known as the Real Estate Mortgage Investment Conduit (hereafter, REMIC) Tax Reform Act of 1986 were to be observed, and whereby the Non-Depository Payor Banks and Issuing Entities REMIC would be protected from either entity going into bankruptcy. To achieve

the desired "bankruptcy remoteness," purported numerous "True Sales" of Plaintiffs's Tangible Note would have had to of occurred by operation of All applicable law.

17. Plaintiffs are informed and believe, and thereon alleges that there was no "True Sale" of Plaintiffs's Tangible Note, a circumstance whereby Wells Fargo Bank, NA sold Plaintiffs's Tangible Note to the "buyer/seller" Sponsor in an ordinary course of business by offer, acceptance, delivery and consideration given for full value of the entire instrument. (Exhibit D) Real Estate and the Tax Reform Act of 1986.

18. The Original Lender, Wells Fargo Bank, NA, purports to have negotiated in accordance to all applicable law the Tangible Note obligation in an ordinary course of business to successor Defendants. Plaintiffs are informed and believe, and thereon alleges that Wells Fargo Bank, NA has unlawfully purported to assign, transfer, or convey its interest in Plaintiffs's Note on or before closing date of GNMA 2006-040 Trust. Plaintiffs are informed and believe, and thereon alleges that Wells Fargo Bank, NA never negotiated the Tangible Note by operation of law for full value in accordance with all applicable law to Sponsor.

19. Plaintiffs are informed and believe, and thereon alleges that payment for full value of the entire instrument was executed in an ordinary course of business from Sponsor to Wells Fargo Bank, NA. There are no documents or records Defendants can be produced that demonstrate that prior to the August 30, 2006 closing date for GNMA 2006-040 Trust, the Tangible Note was duly indorsed, transferred and delivered to GNMA 2006-040 Trust in an ordinary course of business by operation of all applicable law, including all intervening transfers including any purported transfers in the personal property Payment Intangible. Nor can any documents or records be produced that demonstrate that prior to the August 30, 2006, the Deed of Trust was duly assigned, transferred and delivered to GNMA 2006-040 Trust, via the Custodian of Records, Ginnie Mae, including all Secret Liens purportedly securing the Payment Intangible intervening transfers/assignments.

20. Plaintiffs further alleges that any documents that purport to transfer a hypothecated beneficial security interest over the Payment Intangible underlying collateral of the Tangible Note or Bill of Exchange to GNMA 2006-040 Trust after the Closing Date August 30, 2006 are void as a matter of law; no security interest in the Real Property was perfected in the name of any of the successor Defendants. The alleged holder of the

Tangible Note is not the beneficiary of the Deed of Trust. The alleged beneficiary of Plaintiffs's Deed of Trust, Defendants do not have the requisite title, perfected security interest or standing to proceed in a foreclosure; and/or is not the real party in interest as agent or nominee to any action taken or to be taken against the Real Property by successor Defendants. Plaintiffs informed and believes, and thereon alleges that at all times herein mentioned, any assignment of a Deed of Trust without proper transfer in an ordinary course of business of the Tangible Note that it secures is a legal nullity by operation of law. Plaintiffs are informed and believes, and thereon alleges that the GNMA 2006-040 Trust had no officers or directors and no continuing duties other than to hold assets and to issue the series of certificates.

21. Plaintiffs alleges that Defendants, and each of them, cannot establish possession, show proper receipt, transfer, negotiations, assignment and ownership of the Tangible Note or Deed of Trust, resulting in imperfect security interests and claims; therefore, none of the Defendants have perfected any colorable claim of title or security interest in the Real Property. Defendants, and each of them, cannot establish that the Deed of Trust purportedly securing the Tangle Note, were legally or properly acquired in accordance to all applicable law. Plaintiffs therefore alleges, upon information and belief, that none of the parties to transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Real Property; and that all Defendants are equitably estopped and precluded from asserting an unsecured claim against Plaintiff's estate.

22. Plaintiffs allege that an actual controversy has arisen and now exists between the Plaintiffs and Defendants, and each of them. Plaintiffs desires a judicial determination and declaration of its rights about the Real Property and the corresponding Tangible Note and Deed of Trust.

23. Plaintiffs also seek redress from Defendants identified herein for damages, for other injunctive relief, and for cancellation of written instruments based upon:
   a. An invalid and unperfected security interest in Plaintiffs's Real Property hereinafter described;
   b. Void "True Sales;"
   c. An incomplete and ineffectual perfection of a security interest in Plaintiffs's Real Property

## STATEMENT OF PERTINENT FACTS

6

24. Plaintiffs had a Forensic Chain of Title Securitization Analysis completed by qualified expert in to verify the claims of this complaint. (Exhibit E) Affidavit of Joseph Esquivel

25. Plaintiffs are the Superior Recorded owners of the Prime Market Property. (Exhibit A) Grant Deed.

26. Plaintiff was issued an Uncertificated Security to execute in the capacity of (Accommodation Party) to a Tangible Note Bill of Exchange on July 26, 2006 regarding a purported loan to (Accommodated Party) Wells Fargo Bank, NA for $300,240.00.

27. Plaintiffs pledged a Constructive Deed of Trust granting Legal Title to Accommodate Wells Fargo Bank, NA to file against Plaintiffs's Superior Claim to Title filed in the Official Records of the Forsyth County Recorder's Office on August 2, 2006 as ins# 2683.96. (Exhibit B) Deed of Trust.

28. The purported Mortgage loan contracts between the parties are specific as to the duties of each party.

29. On or before August 30, 2006, the Closing Date of the GNMA 2006-040 Trust, Plaintiffs's Note was sold to the Trust.

30. There are no contemporaneous assignment of Plaintiffs's Mortgage to the Trust as underlying security for Plaintiffs's Note.

31. Plaintiffs's Note and Mortgage are irreparably separated.

32. On August 29, 2016 and November 9, 2016, two (2) Substitution of Trustee were filed with the Forsyth County Recorder's Office as ins# 2016.34070 and 2016.34070 respectively.

33. On October 16, 2017, an Assignment of Mortgage was filed with the Forsyth County Recorder's Office as ins# 3373.301.

34. The October 16, 2017 assignment was executed by Wissall Kim as Vice President of Loan Documentation of Wells Fargo Bank, NA, without disclosing his/her true employment with the Assignee.

35. On May 28, 2018, a Notice of Sale was filed with the Forsyth County Recorder's Office.

36. To date, there are no assignments of Plaintiffs's Mortgage to the Trust. Any attempt to include Plaintiffs's Mortgage into the Trust after the Closing Date of the Trust is a violation of the terms of the Trust and is therefore, void.

**PROPERTY**

37. The Real Property description which is the subject of this suit is commonly known as 665 Irving Street, Winston Salem, NC 27103.

## FIRST CAUSE OF ACTION:
## LACK OF STANDING/WRONGFUL FORECLOSURE

A. **No Defendant Has Standing to Foreclose**

38. Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

39. An actual controversy has arisen and now exists between Plaintiffs and Defendants specified hereinabove, regarding their respective rights and duties, in that Plaintiffs contends that Defendants, and each of them, do not have an equitable right to foreclose on the Property because Defendants, and each of them, have failed to perfect any security interest in the Real Property collateral, or cannot prove to the court they have a valid interest as a real party in interest to the underlying Deed of Trust. Thus, the purported power of sale, or power to foreclose non-judicially, by the above specified Defendants, and each of them, no longer applies.

40. Plaintiffs requests this Court find that the purported power of sale contained in the Deed of Trust is a nullity by operation of law, because Defendants' actions in the processing, handling and attempted foreclosure of this §1031 - Exchange involved numerous fraudulent, false, deceptive and misleading practices, including, but not limited to, violations of State laws designed to protect borrowers, which has directly caused Plaintiffs to be at an equitable disadvantage to Defendants, and each of them. Plaintiffs further requests that title to the Real Property remain in Plaintiffs's name during the pendency of this litigation and deem that any attempted sale of the Real Property is "unlawful and void".

41. Plaintiffs are informed and believes, and thereon allege that to conduct a foreclosure action, a person or entity must have legal capacity as interested party and standing.

42. The Tangible Note in this action identifies the entity to whom it accommodated, the Originator. Therefore, the Tangible Note herein cannot be transferred in an ordinary course of business; the attachments to the notice of default do not establish that indorsements were made, nor are there any other notices which establish that Tangible Note negotiation was executed in an ordinary course of business, nor are there any other

notices which establish that the Originator sold the Tangible Note to another party for full value.

43. Furthermore, insofar as the parties to the §1031 - Exchange of Defendant's purported transfer off enforcement contract rights over the underlying Deed of Trust base their claim that the Tangible Note and underlying Security was negotiated by operation of law in an ordinary course of business to Defendant Ginnie Mae, the Trustee of the § 1031 - Exchange herein, by the Originator, it is well established State law that the assignment of a Deed of Trust does not automatically assign the Tangible Note nor the underlying Payment Intangible Transferrable Record as the security interest is incident of the Tangible Note debt obligation.

44. Pursuant to State law, one must be able to prove their capacity of holder of the Tangible Note as one with rights acquired in an ordinary course of business to perfect the transfer of enforcement contract rights to the Deed of Trust instrument as collateral for a Tangible Note debt obligation. Without proper negotiation and physical transfer, the "true sale" of the Tangible Note is invalid as a fraudulent conveyance, or as an unsecured Tangible Note stripped fo the Real Property collateral.

45. Any attempt to transfer the beneficial interest of a trust deed without actual ownership of the underlying Tangible Note attached together in one with the underlying Payment Intangible Transferable Record, is void under law. Therefore, Defendants cannot establish that they are entitled to assert a claim in this case. For this reason, as well as the other reasons set forth herein below, Defendants cannot transfer an interest in Real Property, and cannot recover anything from Plaintiffs. with unclean hands.

46. Defendants, and each of them, through the actions alleged above, claim the right to illegally commence foreclosure sale of Plaintiffs's Real Property under the Deed of Trust on the Real Property via an *in-Rem* action supported by false or fraudulent documents. Said unlawful foreclosure action has caused and continues to cause Plaintiffs great and irreparable injury in that Real Property is unique.

47. The wrongful conduct of the above specified Defendants, and each of them, unless restrained and enjoined by an Order of the Court, will continue to cause great and irreparable harm to Plaintiffs. Plaintiffs will not have the beneficial use and enjoyment of the Home and will lose the Property.

9

48. Plaintiffs has no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate to prevent irreparable loss to Plaintiffs. Plaintiffs suffered and will continue to suffer unless Defendants' wrongful conduct is restrained and enjoined because Real Property is inherently unique and it will be impossible for Plaintiffs to determine the precise amount of damage it will suffer.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT
(Against Defendant Wells Fargo Bank, NA)

49. Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

50. The terms of the mortgage contract are clear.

51. Pursuant to paragraph 23 – Release, Defendant Wells Fargo Bank, NA was obligated to satisfy, release and reconvey the beneficial security interest in Plaintiffs's pledged Deed of Trust upon payment of all sums associated with the release premium to Wells Fargo Bank, NA for Accommodated Party services rendered.

52. Defendant Wells Fargo Bank, NA was paid in full for their Accommodated capacity to the Tangible Note and Deed of Trust when it sold and relinquished its interest in Plaintiffs's real property to Depositor.

53. Defendant Wells Fargo Bank, NA failed to satisfy, release and reconvey the security instrument, thus breaching the terms found in paragraph 23 of the Deed of Trust.

## THIRD CAUSE OF ACTION
## QUIET TITLE

54. Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55. All Defendants named herein claim an interest and estate in the property adverse to Plaintiffs in that Defendant asserts it is the owner of the note secured by the Deed of Trust to the property the subject of this suit.

56. All Defendants named herein claims an interest and estate in the Real Property adverse to Plaintiffs in that Defendants' asserts to be the owner of Tangible Note secured by the Deed of Trust to the Real Property, the subject of this suit.

57. The claims of all Defendants are without any legal right whatsoever, and Defendants

10

have no estate, title, lien or interest in or to the Real Property, or any part of the Real Property.

58. The claim of all Defendants herein named, and each of them, claim some estate, right, title, lien or interest in or to the property adverse to Plaintiffs's title, and these claims constitute a cloud on Plaintiffs' title to the Real Property.

59. Plaintiffs therefore alleges upon information and belief, that none of the Defendants in this case hold a perfected and secured claim in the Real Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiffs' Real Property.

60. Plaintiffs requests the decree permanently enjoin Defendants, and each of them, and all persons claiming under them, from asserting any adverse claim to Plaintiffs's title to the property; and

61. Plaintiffs requests the court award Plaintiffs's costs of this action, and such other relief as the court may deem proper.

## FOURTH CAUSE OF ACTION
## SLANDER OF TITLE

62. Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

63. Generally, one must prove the following to bring a legally sufficient claim of Slander of Title.

   a. There was a communication to a third party of;
   b. A false statement;
   c. Derogatory to another's title;
   d. With malice; and
   e. Causing special damages

64. There are no UCC 1 Financial Statements perfecting personal property interest in the Accommodated Deed of Trust contract enforcement rights with the Secretary of State's Office where the Real Property resides, giving constructive notice to the world of the true capacity of the purported parties in the § 1031 – Exchange in performance of the securities of GNMA 2006-040. (See Asset Securitization Comptroller's Handbook Nov. 1997 http://www.occ.gov/publications/publications-by-type/comptrollers-handbook/assetsec.pdf)

65. Such instruments remained unrecorded as "Secret Liens" within the collateral file and was never submitted for recordation to perfect Defendant's rights to the Accommodated Tangible Note and pledged Deed of Trust lien and the right to enforce an alternate means of collection.

66. Defendants, by withholding such facts have potentially committed a grave error Slander of Title causing special damage.

67. The act of recording the purported October 16, 2017 Assignment of Deed of Trust into the Official Records of the Forsyth County Recorder's Office is a communication to a third party of false statement derogatory to Plaintiffs' title made with malice causing special damages to the Plaintiffs' claim of title.

68. The act of recording the purported May 28, 2018 Notice of Sale into the Official Records of the Forsyth County Recorder's Office is a communication to a third party of false statement derogatory to Plaintiffs' title made with malice causing special damages to the Plaintiffs' claim of title.

## FIFTH CAUSE OF ACTION
## TEMPORARY RESTRAINING ORDER AND FOR INJUNCTIVE RELIEF

69. Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70. Plaintiffs are the record title holder of the Property and are now being threatened with irreparable injury by the conduct of Defendants.

71. Plaintiffs will continue to be in jeopardy of injury by the Defendants' wrongful conduct by the now threatened foreclosure sale, causing irreparable injury by denying them the right to maintain the status quo between the parties pending resolution of the present dispute.

72. Plaintiffs has no adequate remedy at law for both the factual and threatened injuries herein described. Plaintiffs' real property residence and rights involved are non-fungible and utterly unique so that it will be impossible to accurately measure in monetary terms, the damage caused by Defendants' wrongful conduct.

73. Defendants' numerous violations of federal and state statute and inability to establish a claim of right to Plaintiff's Note or Deed of Trust establishes Plaintiffs'sclaim as more probable than not and Plaintiffs will likely prevail at the time of trial.

12

Case 1:19-cv-00589-CCE-JEP   Document 3   Filed 06/12/19   Page 12 of 17

74. Plaintiffs requests that Defendants and its agents and employees be enjoined from prosecuting any continuance of a foreclosure sale pending trial.

## SIXTH CAUSE OF ACTION
## DECLARATORY RELIEF

75. Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76. An actual controversy has arisen and now exists between Plaintiffs and Defendants specified hereinabove regarding Plaintiffs's respective rights and duties in the subject note and security instrument. Plaintiffs requests a judicial determination of the rights, obligations and interest of the parties regarding the subject property, and such determination is necessary and appropriate under the circumstances so that all parties may ascertain and know their rights, obligations and interests regarding the subject property.

77. Plaintiffs should be the equitable owner of the Subject Property.

78. Plaintiffs seeks to quiet title as of the date of the filing of this Complaint. Plaintiffs seeks a judicial declaration that the title to the Subject Property is vested in Plaintiffs alone and that the Defendants be declared to have no interest estate, right, title or interest in the subject property and that the Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiffs's rights.

## PRAYER

WHEREFORE PREMISES CONSIDERED as Prayer for Relief, and for the foregoing reasons, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiffs be awarded judgment:

- Declaring that Defendants lack any interest in the subject property which would permit them to foreclose, evict, or attempt to foreclose or evict, the trust deed and/or to sell the subject properties;
- Declaring that the trust deed is not a lien against the subject properties, ordering the immediate release of the trust deed of record, and quieting title to the subject properties in Plaintiffs and against Defendants and all claiming by, through or under them;

- A refund of any wrongfully or improperly collected fees and payments to Defendants to which it had no right;
- Pre- and post-judgment interest at the maximum rate allowed by law;
- Attorney's fees;
- Monetary relief over $100,000 but not more than $2,000,000.00; and
- Such other and further relief at law and/or in equity to which Plaintiffs may be justly entitled including but not limited to damages within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as are allowed by law.

Dated: May 29, 2019.

*Lynton Y. Ballentine*
Lynton Y. Ballentine, sui juris
c/o 665 Irving Street
Winston Salem, NC 27103

*James Ronald Peggs - Trustee*
LB INTERNATIONAL EXPRESS TRUST
First Trustee, James Ronald Peggs

*Roy Douglas Rudisill*
Second Trustee, Roy Douglas Rudisill

*David Ray Phillips*
Third Trustee, David Ray Phillips

## VERIFICATION

I, Lynton Y. Ballentine, Pro se, am the Plaintiffs in the above entitled matter and have personal knowledge to testify to the matters stated therein. I have read the facts and allegations and declare under penalty of perjury in and for the State of North Carolina that the above is true and correct to the best of my knowledge.

*Lynton Y. Ballentine*
Lynton Y. Ballentine, sui juris
c/0 665 Irving Street
Winston Salem, NC 27103

14

On the 29 day of May 2019, Lynton Y. Ballentine known to me appeared before me and executed the above document.

_____
NOTARY

Beth Perkosky
NOTARY PUBLIC
Forsyth County, NC
My Commission Expires March 05, 2022

My Commission expires on 3/5/2022

# EXHIBITS

Exhibit A:   Grant Deed
Exhibit B:   Deed of Trust
Exhibit C:   OCC Asset Securitization Manual, Pg. 23
Exhibit D:   Real Estate and the Tax Reform Act of 1986
Exhibit E:   Certified Forensic Audit by Joseph Esquivel
Exhibit F.   Notice of Sale

16

# EXHIBITS

Exhibit A:   Grant Deed   (Pending enclosure)
Exhibit B:   Deed of Trust  (Pending enclosure)
Exhibit C:   OCC Asset Securitization Manual, Pg. 23
Exhibit D:   Real Estate and the Tax Reform Act of 1986  (Pending enclosure)
Exhibit E:   Certified Forensic Audit by Joseph Esquivel
Exhibit F.   Notice of Sale